IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-CR-73-003-JED |
| v. | ) | 88-CR-34-002 |
| | ) | |
| BUEL DEAN HAMILTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Petition for Writs of Error Coram Nobis, filed by the defendant, Buel Dean Hamilton, on August 30, 2018. (Doc. 205). Mr. Hamilton asserts that the Court lacked jurisdiction over his convictions in 88-CR-34-002-E and 13-CR-73-003-JED, because the crimes of conviction were committed "within the exterior boundaries of the Creek (Muscogee) Nation reservation" and were thus committed within "'Indian country' as defined in 18 [U.S.C.] § 1151." (Doc. 205 at 5). United States District Judge James O. Ellison presided over the 1988 case, in which Mr. Hamilton pleaded guilty and was convicted of "Conspiracy to Possess, Pass, and Conceal Counterfeit Obligations of the United States," in violation of 18 U.S.C. § 371. He was sentenced to six months' imprisonment, followed by a three-year term of supervised release.

In the 2013 case, Mr. Hamilton pleaded guilty to Counts 4 and 7 before the undersigned. He was thus found guilty of "Opening, Using and Maintaining a Location to Distribute and Use Methamphetamine" (Count 4) and "Distribution and Possession With Intent to Distribute Methamphetamine" (Count 7). (Doc. 179). The Court sentenced Mr. Hamilton to 63 months on each of Counts 4 and 7, to run concurrently. (*Id.*).

In support of his Petition, the defendant cites the Tenth Circuit's 2017 decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert granted*, 138 S. Ct. 2026 (2018). In *Murphy*, a

defendant who had been convicted of first-degree murder in state court argued that the crime occurred on Indian lands and he should therefore have been tried in federal court pursuant to the Major Crimes Act. 875 F.3d at 906. The Tenth Circuit concluded that Congress had not disestablished the Creek Reservation and the defendant, who was an Indian charged in state court for crimes committed within "Indian Country," could only have been charged and tried in federal court pursuant to the Major Crimes Act, which confers exclusive federal court jurisdiction over such crimes. *Id.* at 966.

Mr. Hamilton does not present any facts regarding his status as an Indian or non-Indian, and he simply asserts that the Court did not have jurisdiction over crimes occurring within the historical boundaries of the Creek Reservation. (*See* Doc. 205). Regardless of whether or not Mr. Hamilton is an Indian, it is clear that the decision in *Murphy* has no application here. In *Murphy*, the Tenth Circuit determined that the *state court* did not have jurisdiction where the defendant was an Indian and was accused of crimes committed in Indian Country, such that the federal courts had exclusive jurisdiction under the Major Crimes Act. 875 F.3d at 966. Mr. Hamilton was charged and tried in *federal court*, not state court.

Moreover, the law is clearly established that Indian persons are not exempt from generally-applicable laws that apply to acts that are federal crimes, regardless of where such crimes were committed. *See, e.g., United States v. Brisk*, 171 F.3d 514, 520-21 (7th Cir. 1999) (collecting cases); *United States v. Drapeau*, 414 F.3d 869, 877-78 (8th Cir. 2005); *United States v. Carpenter*, 163 F. App'x 707, 709-10 (2006) (unpublished). As *Murphy* does not apply and there is no basis for exempting Mr. Hamilton from the generally-applicable federal drug or counterfeiting laws, Mr. Hamilton has not presented any basis for relief from his federal convictions and sentences.

The remedy of a writ of coram nobis is an extraordinary remedy permitted only under compelling circumstances. *United States v. Morgan*, 346 U.S. 502, 511-12 (1954). To obtain relief by writ of coram nobis, the defendant must have been convicted upon such "fundamental errors" as to render the proceedings invalid. *See Ward v. United States*, 381 F.2d 14, 15 (10th Cir. 1967). Extraordinary writs are typically not the appropriate manner of challenging a judgment and sentence. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1990) (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). "[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable – generally when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996).

The defendant has served the sentence imposed in the 1988 case, but he is still serving the sentence on his 2013 case. Regardless of whether Mr. Hamilton's arguments are considered as a request for a writ of coram nobis or to vacate his sentence under 28 U.S.C. § 2255, he is not entitled to relief because he has not shown a violation of a constitutional right or any fundamental error in the underlying criminal cases under *Murphy*. *Murphy* does not provide any basis for Mr. Hamilton's challenge to this federal court's jurisdiction over his federal crimes in the 1988 and 2013 cases. *See Murphy*, 875 F.3d at 966 (federal court had exclusive jurisdiction and the state court lacked jurisdiction); *see also United States v. Perryman*, 11-CR-100-CVE, 2018 WL 3795250 at \*\*2-3 (N.D. Okla. Aug. 9, 2018) (construing request for writ of coram nobis as a

second or successive § 2255 motion and dismissing request after concluding that *Murphy* did not apply). Mr. Hamilton's request for relief (Doc. 205) is thus **dismissed**.

Although Mr. Hamilton did not assert his *Murphy* argument by a § 2255 motion, to the extent his arguments as to his 2013 criminal case may be construed under § 2255, the Court has concluded that "it plainly appears from the [defendant's] motion . . . and the record of prior proceedings that the [defendant] is not entitled to relief," such that the Court "must dismiss the motion." Rule 4 of the Rules Governing Section 2255 Proceedings. Mr. Hamilton's filings do not justify the issuance of a certificate of appealability under § 2255, as such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The defendant has not made such a showing, and he will not be granted a certificate of appealability.

DATED this 18th day of September, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE